UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHERI BARTLETT (f/k/a CROWELL) | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:08-CV-597-PPS |
| NIBCO INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant NIBCO moved *in limine* to bar Bartlett from presenting at trial (1) evidence of punitive or compensatory damages [DE 41]; and (2) evidence of the severance agreement that NIBCO offered to Bartlett, and Bartlett's subsequent written rejection of that agreement [DE 42]. At the March 3, 2011 trial management conference, I granted on the record NIBCO's motion to exclude evidence of punitive and compensatory damages [DE 59]. On March 7, 2011, on the record and before trial, I denied NIBCO's request to exclude evidence of its severance agreement, but granted its request to exclude Bartlett's written rejection of that agreement. In both instances, I indicated that my rulings from the bench would be followed by this written order.

### I. Compensatory and Punitive Damages

Bartlett may not present evidence of compensatory damages or punitive damages at trial because she failed to seek those damages in her complaint, and failed to disclose in discovery that she wished to pursue these categories of damages at trial.

Whether Bartlett may pursue compensatory and punitive damages at trial is controlled in part by Federal Rule of Civil Procedure 54(c). Rule 54(c) provides that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). This rule "has been liberally construed, leaving no

question that it is the court's duty to grant whatever relief is appropriate in the case on the facts proved," even when that relief is not specifically requested. *Kaszuk v. Bakery and Confectionery Union and Industry Int'l. Pension Fund*, 791 F.2d 548, 559 (7th Cir. 1986). But this duty is limited; specifically, "[w]hen such relief would prejudice the opposing party, the district court ought not grant it." *Id.*; *see also Felse v. Fiedler*, 974 F.2d 1484, 1501 (7th Cir. 1992) (same); *accord Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716 (4th Cir. 1983) ("Rule 54(c) is not, however, without its limits. A party will not be given relief not specified in its complaint where the 'failure to ask for particular relief so prejudiced the opposing party that it would be unjust to grant such relief.'"). Moreover, "'a substantial increase in the defendant's potential ultimate liability can constitute specific prejudice barring additional relief under Rule 54(c).'" *Kaszuk*, 791 F.2d at 559 (quoting *Atlantic Purchasers*, 705 F.2d at 716-17).

As to compensatory damages, a plaintiff may not pursue compensatory damages at trial, even where the complaint contains a request for compensatory damages, if that request is not supported by facts alleged in the complaint. *See Lebow v. American Trans Air, Inc.*, 86 F.3d 661, 670 n.11 (7th Cir. 1996) (plaintiff's "vague request for compensatory damages is not supported by any facts alleged in the complaint, and thus it is not sufficient to constitute a claim for legal relief"). Nor may a plaintiff pursue compensatory damages where, as here, she fails to disclose during discovery that she is seeking such relief. *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 656 n.3 (7th Cir. 2001) (compensatory damages foreclosed to retaliatory discharge plaintiff whose response to a discovery request on damages "itemized only lost wages as her damages," and who responded to a deposition question about her damages by stating "only that she had lost pay damages").

Bartlett does not expressly seek compensatory damages in her complaint. The prayer for relief that accompanies her retaliation claim—which is identical to the prayers for relief accompanying her previously-dismissed claims—seeks only "back pay, prejudgment interest, lost benefits, attorney fees, consequential damages at the statutory maximum, and all other proper relief" [DE 1 at 4]. More importantly, the complaint includes no allegations that could

2

conceivably support a right to relief in the form of compensatory damages. In particular, the complaint contains no allegations regarding the types of injuries enumerated by the pertinent statute, 42 U.S.C. § 1981a, for which compensatory damages are available, including "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment in life," or other "nonpecuniary losses." 42 U.S. C. § 1981a(b)(3).

Bartlett also failed to disclose during discovery that she intended to seek compensatory damages. Notably, in her Rule 26(a)(1) initial disclosures, Bartlett did not include compensatory or punitive damages in her Rule 26(a)(1)(iii) list of each category of damages claimed by her [DE 42-2]. Rather, her Rule 26(a)(1)(iii) list of damages categories is limited to back pay, front pay, a 401K contribution, and attorneys' fees [*Id.*]. Nor did she disclose an intent to seek compensatory damages elsewhere during discovery. Quite the opposite. In Bartlett's response to NIBCO's interrogatory asking her to "itemize with specificity the amount and nature of each category of damages claimed," Bartlett simply refers back to her initial disclosures, as a correct computation of the damages she is seeking, while adding only "new lost earnings" incurred since the time she served her initial disclosures [DE 42-3 at 7].

Bartlett's request for "consequential damages at the statutory minimum" [DE 1] also is not sufficient to preserve her right to seek compensatory damages at trial. To be sure, the statute lists "future pecuniary losses" as a loss for which compensatory damages may be awarded. 42 U.S.C. § 1981a(b)(3). But even so, such a vague request cannot preserve a right to pursue compensatory damages at trial without allegations in the complaint that demonstrate a right to recover such damages—such as a claim to have suffered emotional distress or mental anguish—which Bartlett's complaint lacks. *See Lebow*, 86 F.3d at 670 n.11.

Because Bartlett did not allege a right to relief in the form of compensatory damages, her corresponding failure to disclose an intent to seek such damages during discovery means that NIBCO would be prejudiced were she permitting to pursue this relief at trial. As NIBCO points out, had Bartlett disclosed an intent to seek compensatory damages, NIBCO "could have

formulated further discovery questions, sent non-party requests for documents to [Bartlett's] mental and medical health care providers, deposed appropriate witnesses, hired an expert, or requested an independent medical examination" [DE 42 at 5]. Yet, NIBCO had no reason to pursue any of this discovery, as Bartlett did not notify NIBCO of her intent to seek compensatory damages until January 25, 2011, long after the close of discovery and fewer than two months before trial [*Id*. at 3].

Bartlett might have sought a continuance of the March 7, 2011 trial date to allow NIBCO to prepare a defense against a compensatory damages case. But she did not. In any event, her failure to disclose an intent to seek compensatory damages, both in the pleadings and during discovery, means that she may not present evidence of such damages at trial.

Bartlett also did not request punitive damages in her complaint. And her complaint is devoid of any allegations that could support a right to relief in the form of punitive damages. Section 1981a(b)(1) provides that a party may recover punitive damages on a retaliation claim if she "demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an individual." 42 U.S.C. § 1981a(b)(1); *see also Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999); *Cooke v. Stefani Mgmt. Servs., Inc.*, 250 F.3d 564, 568 (7th Cir. 2001). Bartlett's complaint, however, contains no allegations that NIBCO acted with malice or reckless indifference to her rights or anyone else's.

Although the Seventh Circuit has not squarely addressed the issue, Bartlett's failure to specifically request punitive damages in her complaint, standing on its own, may not have foreclosed her ability to seek that relief at trial. *See Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008); *see also Bowles v. Osmose Utils. Servs., Inc*., 443 F.3d 671, 675 (8th Cir. 2006) (specific prayer for punitive damages unnecessary); *Scutlieri v. Paige*, 808 F.2d 785, 792 (11th Cir. 1987) (same).

Her inability to pursue punitive damages at trial is, instead, due to her failure to allege

4

any facts that would put NIBCO on notice of her intent to seek such damages—for example, allegations that NIBCO "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an individual." 42 U.S.C. § 1981a(b)(1).

Nor did Bartlett disclose during discovery that she intended to seek punitive damages at trial. As shown above, Bartlett's initial disclosures fail to notify NIBCO of an intent to seek punitive damages [DE 42-2]. And her answer to NIBCO's interrogatory regarding the categories of damages she seeks further confirmed that she does not intend to pursue a punitive damages case [DE 42-3 at 7]. And, as with her belated disclosure of her intent to pursue compensatory damages, Bartlett did not notify NIBCO that she was seeking punitive damages until January 25, 2011, long after the close of discovery and fewer than two months before trial [DE 42 at 3]. By then, of course, it was too late for NIBCO to prepare a defense against a punitive damages case, including taking the discovery needed to learn the basis, if any, for a claim that NIBCO acted with "malice or with reckless indifference" to federally protected rights [DE 42 at 5]. Because permitting Bartlett to proceed with a punitive damages cases would substantially increase NIBCO's potential ultimate liability, Bartlett's failure to disclose an intent to seek punitive damages—in the pleadings and during discovery—requires that I foreclose her from presenting evidence of punitive damages at trial.

## II. The Severance Agreement and Bartlett's Response

NIBCO also seeks [DE 42 at 12] to prevent Bartlett from presenting at trial evidence of the severance agreement it offered her at the time of her termination, as well as Bartlett's next day email rejection of that agreement [DE 42-4]. In addition to arguing that both documents are irrelevant, NIBCO argues that both documents are statements made in compromise negotiations, and are thus barred by Federal Rule of Evidence 408 [DE 42 at 12-13]. I find that Rule 408 does not apply to the severance agreement because NIBCO offered it at the same time it terminated Bartlett, and thus before a disputed claim had arisen. Moreover, the severance agreement is

relevant to the issue of NIBCO's motive for firing Bartlett. Bartlett's email rejection of that agreement, however, does fall within Rule 408's bar.

Rule 408 bars offers in settlement "of a claim that was disputed as to validity or amount" when offered to prove liability. Fed. R. Evid. 408. For Rule 408 to apply, the movant must make a "substantial showing" that the evidence in question is, in fact, part of an attempt to settle a disputed claim. *See Raybestos Prods. Co. v. Younger*, 54 F.3d 1234, 1241 (7th Cir. 1995). Rule 408 does not apply unless a dispute has actually arisen. *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 50 F.3d 476, 480 (7th Cir. 1995); *Dallis v. Aetna Life Ins. Co.*, 768 F.2d 1303, 1307 (11th Cir. 1985) ("For Rule 408 to apply, there must be an actual dispute, or at least an apparent difference of opinion between the parties, as to the validity of a claim.").

NIBCO concedes that it offered Bartlett the severance agreement at the same time it informed her that she was terminated [DE 42 at 12]. And the parties do not dispute that the severance agreement contained a release of claims clause. Clearly, NIBCO anticipated that the severance agreement would head off potential future litigation. But that's not enough to trigger Rule 408's bar because, at the time NIBCO handed Bartlett the severance agreement, no dispute had arisen. *See Mundy v. Household Fin. Corp.*, 885 F.2d 542, 546 (9th Cir. 1989) ("Severance pay packages contingent upon a release of claims which are offered contemporaneously with the notice of termination are *not* covered by [Rule 408]"); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1343 (9th Cir. 1987) ("Where, as here, the employer tries to condition severance pay upon the release of potential claims, the policy behind Rule 408 does not come into play."); *see also Kesey, LLC v. Francis*, No. CV. 06-540, 2009 WL 909530, at *7 (D. Or. Apr. 3, 2009); *Nottmeyer v. Precision Alliance Group, LLC*, No. 04 CV 0901, 2006 WL 516729, at *7-*11 (S.D. Ill. Mar. 1, 2006); *Rhyther v. Kare 11*, 864 F. Supp. 1510, 1523-24 (D. Minn. 1994).

So Rule 408 does not bar Bartlett from introducing the severance agreement. Moreover, that document, especially its waiver of claims provision, is probative on the issue of whether NIBCO's motive for terminating Bartlett was retaliatory. So NIBCO's relevance argument for

excluding this document also fails.

Bartlett's next day email rejection of the severance agreement is, however, barred by Rule 408. Bartlett's attempt to use evidence of her own statement to her own advantage is perhaps not the usual scenario in which the policy behind Rule 408—to encourage settlement negotiations—comes into play. Nonetheless, "Rule 408 excludes compromise evidence even when a party seeks to admit its own settlement offer or statements made in settlement negotiations." Fed. R. Evi. 408, Advisory Committee's Note to 2006 Amendment; *see also Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827-28 (2d Cir. 1992) ("We believe that admission into evidence of settlement offers, even by the offeror, could inhibit settlement discussions and interfere with the effective administration of justice."); *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1285 (D. Haw. 2007); *Clevenger v. Bolingbrook Chevrolet, Inc., GMAC*, 401 F. Supp. 2d 878, 884-5 (N.D. Ill. 2005). Unlike the severance agreement itself, Bartlett's email rejection of that agreement [DE 42-4] evidences that a dispute had arisen by the time she sent it. *Cf. S.A. Healy Co.*, 50 F.3d at 480 ("A dispute arises only when a claim is rejected at the initial or some subsequent level."). So Bartlett's email rejection of the severance agreement is barred by Rule 408.

In addition to being barred by Rule 408, Bartlett's email rejection of NIBCO's severance agreement is hearsay under Rule 801 and thus barred by Rule 802. In her rejection, Bartlett asserts: "I was not let go because of my performance - I was fired because I finally spoke up, I did the right thing" [DE 42-4]. This statement is a written assertion made by an out-of-court declarant offered to prove the truth of the matter asserted. Fed. R. Evid. 801(a)-(c). Rule 802 thus prohibits this hearsay evidence unless it falls under one of the hearsay exceptions. Fed. R. Evi. 802.

Bartlett argues that Rule 803(1)'s exception for present sense impressions applies here. I disagree. Under Rule 803(1), hearsay is admissible as a present sense impression if the "statement describing or explaining an event or condition [was] made while the declarant was

7

perceiving the event or condition, or immediately thereafter." Fed. R. Evi. 801(1). Rule 801(1) provides three criteria for the admission of statements under this exception: "(1) the statement must describe an event or condition without calculated narration; (2) the speaker must have personally perceived the event or condition described; and (3) the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter." *Schindler v. Seiler*, 474 F.3d 1008, 1011 (7th Cir. 2007) (quoting *U.S. v. Ruiz*, 249 F.3d 643, 646 (7th Cir. 2001)). Bartlett's out-of-court assertion that she was fired in retaliation for speaking up, written the day after she was terminated, is precisely the sort of calculated narration that Rule 801(1)'s criteria for admission are designed to prevent. *See, e.g., U.S. v. Woods*, 301 F.3d 556, 562 (7th Cir. 2002) ("A declarant who deliberates about what to say or provides statements for a particular reason creates the possibility that the statements are not contemporaneous, and, more likely, are calculated interpretations of events rather than near simultaneous perceptions." ). Accordingly, Bartlett's email rejection of NIBCO's severance agreement is also barred under Rule 802 as hearsay.

## CONCLUSION

For the foregoing reasons, and the reasons already stated on the record, the Court **GRANTS** NIBCO's motion to exclude evidence relating to Bartlett's claims for punitive and compensatory damages [DE 41]. Moreover, NIBCO's motion *in limine* [DE 42] is **DENIED in part** and **GRANTED in part**. Specifically, the Court **DENIES** NIBCO's request to exclude evidence of the severance agreement it offered to Bartlett, but **GRANTS** NIBCO's request to exclude Bartlett's email rejection of that severance agreement.

Because the jury verdict found in favor of NIBCO and against Bartlett [DE 72], the Clerk is now **ORDERED** to enter **JUDGMENT** for all relief in favor of defendant NIBCO, Inc., and against plaintiff Sheri Bartlett.

8

**SO ORDERED**.

ENTERED: March 18, 2011

<u>/s/ Philip P. Simon</u>
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT